IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 18-04-BU-DLC |
| Plaintiff/Respondent, | CV 19-60-BU-DLC |
| vs. | |
| | ORDER DENYING § 2255 MOTION |
| STEVEN FRANCIS REYCHLER, | AND DENYING CERTIFICATE OF |
| | APPEALABILITY |
| Defendant/Movant. | |

Defendant/Movant Reychler moves the Court to vacate, set aside, or correct
his sentence under 28 U.S.C. § 2255.  Reychler is a self-represented federal
prisoner.

Reychler also seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).
*See* Reply (Doc. 188) at 2.  It is addressed by a separate order.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine
whether "the motion and the files and records of the case conclusively show that
the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules
Governing Section 2255 Proceedings for the United States District Courts.  A
petitioner "who is able to state facts showing a real possibility of constitutional
error should survive Rule 4 review."  *Calderon v. United States Dist. Court*, 98

1

F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On April 6, 2018, a grand jury indicted Reychler on one count of conspiring to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine, a violation of 21 U.S.C. § 846 (Count 1); one count of distributing 50 grams or more of the same, a violation of 21 U.S.C. § 841(a)(1) (Count 3); and one count of possessing a firearm in furtherance of the conspiracy, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 5).  *See* Indictment (Doc. 1) at 2–4. If convicted on Count 1, Reychler faced a mandatory minimum sentence of ten years in prison.  Conviction on Count 3 entailed a five-year mandatory minimum sentence, and conviction on Count 5 entailed a five-year mandatory minimum sentence that would be consecutive to any other sentence imposed.  *See* 21 U.S.C. § 841(b)(1)(A)(viii), (B)(viii); 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

On July 18, 2018, the parties filed a fully executed plea agreement. Reychler agreed to plead guilty to Counts 1 and 5.  He waived his right to appeal

or collaterally attack the sentence on any of three conditions:  his sentence fell within the advisory guideline range as determined by the Court, or the United States moved for a downward departure from the advisory guideline range, or the United States filed a motion under Federal Rule of Criminal Procedure 35.  The United States agreed to dismiss Count 3 and conditionally agreed to seek a three-point reduction in the guideline offense level for timely acceptance of responsibility.  *See* Plea Agreement (Doc. 63) at 2–3 ¶¶ 2–3, 6 ¶ 6, 6–9 ¶ 8.  Reychler pled guilty in open court before United States Magistrate Judge Jeremiah C. Lynch on August 16, 2018.  *See* Minutes (Doc. 89).  The Court accepted the guilty plea on September 4, 2018.  *See* Order (Doc. 106) at 2.

Reychler trafficked in substances containing methamphetamine, pure methamphetamine, and cocaine.  Based on the drug conversion tables, *see* U.S.S.C. § 2D1.1 cmt. n.8(D), he was held responsible at sentencing for a converted drug weight of 28,919.16 kilograms of marijuana.  His base offense level was 34.  *See* U.S.S.G. § 2D1.1(c)(3).  He received a two-level enhancement as a leader or organizer of a small enterprise and a three-level reduction for acceptance of responsibility.  The total offense level was 33.  Reychler had no prior felony convictions and few criminal history points.  With a criminal history category of II, his advisory guideline range was 151 to 188 months.  *See* Statement of Reasons (Doc. 136) at 1 §§ I, III; Presentence Report ¶¶ 52–61, 70.

3

Based on downward departures or variances pursuant to 18 U.S.C. § 3553(a), Reychler was sentenced to serve 60 months on Count 1 and 60 months on Count 5, consecutive, for a total of 120 months in prison, to be followed by a five-year term of supervised release.  He was permitted to self-surrender.  *See* Judgment (Doc. 135) at 2–3; Statement of Reasons at 2–3 §§ V–VI.

Reychler did not appeal.  His conviction became final on December 13, 2018.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Reychler timely filed his § 2255 motion on November 28, 2019.  *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

On March 30, 2021, *see* Order (Doc. 187) at 1, the Court issued an order explaining that Reychler had not provided "enough information to enable the Court to see potential merit in his allegations," *id*. at 2.

> Reychler must say more.  For example, he alleges that counsel made "misrepresentations [and] omissions," gave "deficient advice" and an "inaccurate account of the facts," and "botched investigations."  *See* Mot. § 2255 at 8 (Ground Three).  To show that further proceedings are warranted, Reychler must specify at least one fact counsel got wrong or some aspect of counsel's advice that was inaccurate.  He must also explain why it would have made sense for Reychler to choose a different course of action had counsel provided accurate advice.  Reychler must explain each of his claims in this way.

*Id.*

Reychler responded to the order on April 23, 2021 (Doc. 188).

### III.  Claims and Analysis

### A.  Ineffective Assistance of Counsel

Reychler alleges that his trial counsel was ineffective.  Claims of ineffective

assistance are governed by *Strickland v. Washington*, 466 U.S. 668 (1984).  At this

stage of the proceedings, Reychler need only allege facts sufficient to support an

inference (1) that counsel's performance fell below an objective standard of

reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have

been different," *id.* at 694.

Reychler's original motion and supporting brief consist of repeated

assertions that counsel's performance was deficient and Reychler would not have

pled guilty if counsel had been competent.  *See Hill v. Lockhart*, 474 U.S. 52, 59–

60 (1985).  These allegations merely state the elements of a *Strickland* claim, with

no supporting facts to flesh them out.

In some respects, Reychler's response to the Court's order repeats the

defects of his original motion.  For instance, he asserts that counsel "failed to

challenge any of the circumstances surrounding my arrest."  Resp. to Order (Doc.

188) at 1 para. 3.  Neither Reychler nor the record of the case suggests any fact that

would have supported such a challenge.  The record indicates that Reychler and his

daughter were under investigation for drug trafficking for some time.  *See*

Presentence Report ¶¶ 20–30.  Agents had arrested Reychler's daughter in possession of drugs, cash, and a Ruger .380 handgun, and had also interviewed her, before Reychler was stopped and agreed to be interviewed later the same day.  *See* Offer of Proof (Doc. 75) at 3 ¶¶ 2–3; Presentence Report (Doc. 137) ¶¶ 32–33. The record also indicates that Reychler was aware of his *Miranda* rights, waived them, and admitted giving his daughter the Ruger for protection on her trip to California to pick up methamphetamine for him.  *See* Offer of Proof at 3–4 ¶ 4; Presentence Report ¶¶ 34–36.  Whatever the reason for the traffic stop, *see* Presentence Report ¶ 34, a competent defense lawyer could have believed the agents had probable cause to arrest Reychler.

Reychler also states that he wanted to "petition the Court to provide expla[]nation of the weapon," *see id.* ¶ 5, and that counsel should have "negotiate[d] a favorable plea deal" and "apprise[d] me of any future appe[l]late action(s) that I could pursue," *see id*. at 2 ¶¶ 6–7.  But, again, Reychler does not allege any facts indicating that the weapon could have been explained away, that the United States would have entertained a more favorable plea deal, or that any appellate action might have been helpful to him.  These allegations support only an inference that counsel failed to "do something" that would get Reychler out of the legal trouble his conduct got him into.  They do not support either prong of the *Strickland* test.

Reychler also asserts that counsel should have explained that conviction on Count 5, the gun charge under 18 U.S.C. § 924(c), would make Reychler ineligible to participate in the Residential Drug Abuse Prevention program.  *See* Resp. to Order at 1 ¶ 3.  He contends that counsel did not tell him his plea to Count 5 "would enhance my future PATTERN SCORE dictating my ability to be rated as a 'minimal risk,'" a factor that is important for the Bureau of Prisons' decisions as to custody level, the availability and timing of transfers to home confinement or a prerelease center, and consideration of motions for compassionate release.  *See id.* ¶ 4; *see also, e.g.*, 18 U.S.C. § 3624(g)(1).

Unlike Reychler's other allegations, these allegations consist of specific facts of which Reychler was not aware and that could carry some weight in a reasonable person's decisions.  But Reychler offers no reason to suppose he had a realistic prospect of acquittal on Count 5.  In addition to Reychler's own statement and possibly his daughter's testimony, the United States could have introduced at trial evidence that a confidential informant heard Reychler's daughter ask for a gun and saw Reychler give it to her.  *See* Presentence Report ¶ 31; *see also id.* ¶¶20–30.  And if Reychler had been convicted at trial, he would not have received any reduction for acceptance of responsibility.  *See* Presentence Report ¶¶ 59–60.  His advisory guideline range on Count 1 would have been 210 to 262 months.  *See* U.S.S.G. ch. 5 Part A (Sentencing Table).  The Court would not have been able to

justify giving him the benefit of "early and consistent acceptance of responsibility." Statement of Reasons at 3 ¶ VI(D). And he would still be ineligible for RDAP and subject to the PATTERN assessment system.

Reychler also fails to show any realistic possibility that the United States could have been persuaded to simply ignore the evidence supporting conviction on Count 5—much less that all competent defense lawyers would have succeeded in persuading it to do so. And even if the charge had been dismissed under a (purely hypothetical) plea bargain, the evidence relevant to Count 5 would still exist. It supported a two-level enhancement in Reychler's guideline calculation. *See* U.S.S.G. § 2D1.1(b)(1); Presentence Report ¶ 51. Reychler's advisory guideline range would have been 188 to 235 months—again, higher than the range on Count 1 that Reychler obtained by following counsel's advice. The mandatory consecutive five-year term would be eliminated, but so would the Court's reasons varying downward to take that term into account and arrive at the appropriate overall sentence under 18 U.S.C. § 3553(a). *See, e.g.*, *Dean v. United States*, __ U.S. __, 137 S. Ct. 1170, 1176–77 (2017). And the guideline enhancement would have the same effect on Reychler in prison as conviction on Count 5. *See* Bureau of Prisons Program Statement No. 5162.05, "Categorization of Offenses," at 10 (Mar. 16, 2009).[1]

---

[1] The policy is available on the Federal Bureau of Prisons' website,

Reychler fails to show a reasonable probability that he would have chosen to stand trial if counsel had told him how conviction on Count 5 would affect his PATTERN score and eligibility for RDAP. He also fails to show any reason to believe any lawyer could have obtained a more favorable plea bargain, much less that all competent lawyers would have done so.

None of Reychler's allegations of ineffective assistance of counsel supports either prong of a *Strickland* claim. This claim is denied.

### B.  *United States v. Holloway*

Reychler asks the Court to "refer" his case "to the prosecution to consider withdrawing the 924(c) Count." Br. in Supp. (Doc. 176) at 11. He points to *United Sates v. Holloway*, 68 F. Supp. 3d 310 (E.D. N.Y. 2014). Reychler's sentence does not reflect "stacked" § 924(c) charges, as *Holloway* did. *See id.* at 312–13. Reychler was convicted on one count under 18 U.S.C. § 924(c) and received a total sentence of 60 months, the minimum sentence available under § 924(c). Further, the Court took the mandatory consecutive five-year sentence into account in fashioning the sentence that was "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to achieve the objectives of federal sentencing. *See Dean*, 137 S. Ct. at 1176–77; Statement of Reasons at 2–3 § VI(D).

Reychler's request is denied.

---

https://www.bop.gov/PublicInfo/execute/policysearch?todo=query (accessed May 7, 2021).

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Reychler's allegations of ineffective assistance of counsel support an inference either that counsel's performance was unreasonable or that there is a reasonable probability Reychler would have obtained a better outcome if counsel's performance had been reasonable. Reychler merely wishes he could have avoided the consequences of his conduct that met the elements of 18 U.S.C. § 924(c). But that does not mean any lawyer could have made evidence of his conduct disappear. And, in view of that evidence, any reasonably competent lawyer could and likely would have advised Reychler to avoid trial. Nor is there any realistic prospect that Reychler could have been acquitted or obtained a better plea bargain. Reychler's allegations do not impart any substance to his *Strickland* claim.

10

Reychler's request in the mode of *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D. N.Y. 2014), is not predicated on deprivation of a constitutional right.

Reasonable jurists would find no support for further proceedings.  A COA is not warranted.

Accordingly, IT IS ORDERED:

1.  Reychler's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 175, 176, 188) is DENIED.

2.  A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Reychler files a Notice of Appeal.

3.  The clerk shall ensure that all pending motions in this case and in CV 19-60-BU-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Reychler.

DATED this 11th day of May, 2021.

Dana L. Christensen, District Judge
United States District Court