IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN FRANCIS REYCHLER, <br><br> Defendant. | Cause No. 18-04-BU-DLC-03 <br><br><br> ORDER |

Defendant Reychler moves the Court to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A). He is currently serving a 120-month sentence for federal drug and firearms offenses. *See* Judgment (Doc. 135). His projected release date is June 25, 2027. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Nov. 1, 2021).

On August 23, 2021, the Court appointed counsel to represent Reychler. *See* Order (Doc. 198). Counsel filed a supplemental motion and the United States a supplemental response.

**I. Legal Framework**

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a

1

reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). The guideline, however, has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit holds that district courts may take U.S.S.G. § 1B1.13 into account, but it is binding only when the Director has filed the motion. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *see also Bryant v. United States*, No. 20-1732 (U.S. pet. for cert. filed June 10, 2021).

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. *See id*. § 3553(a)(4), (6)–(7).

To date, the Ninth Circuit has not decided whether a district court may consider other legislative or common-law developments in sentencing law in deciding whether a prisoner has shown an "extraordinary and compelling reason" to reduce his sentence. *See, e.g.*, *United States v. Black*, 999 F.3d 1071, 1075–76 (7th Cir. 2021) (citing cases and holding that district court may consider Congress' amendment of the "stacking" provision of 18 U.S.C. § 924(c)(1)(C) as a reason to reduce sentence).[1]

## II. Discussion

### A. Reason for Release

Reychler is 73 years old. A year ago, medical staff assessed chronic obstructive pulmonary disease, hypertension, osteoarthritis in his hips, an enlarged prostate, and obesity. Reychler has sought hip replacement surgery but, at least as of last May, had not obtained it. His age, hypertension, COPD, and obesity each place him at greater risk of developing severe illness should he contract COVID-19 despite his full vaccination. *See* Def. Ex. A (Doc. 203) at 2; Med. Record (Doc. 192) at 155. "The risk of severe COVID-19 increases as the number of underlying

---

[1] The United States Supreme Court will decide whether a district court may or must consider such developments in deciding whether to reduce a sentence under § 404(b) of the First Step Act, which applies to defendants sentenced for offenses involving crack cocaine. *See Concepcion v. United States*, No. 20-1650 (U.S. cert. granted Sept. 30, 2021). The Court's analysis of the question in that case might or might not be relevant to motions filed under § 603(b) of the First Step Act, which authorized prisoners' motions for compassionate release.

medical conditions increases in a person." Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 14, 2021, and accessed Nov. 2, 2021).

Reychler also asks the Court to consider Congress' amendment of the safety valve provision of 18 U.S.C. § 3553(f). At the time of sentencing, Reychler's two criminal history points precluded safety valve relief. *See* 18 U.S.C. § 3553(f)(1) (eff. May 27, 2010). He meets the current criminal-history criteria under § 3553(f)(1)(A)–(C) (eff. Dec. 21, 2018). But Reychler personally gave his co-defendant/niece a Ruger .380 pistol to protect herself and her $12,000 or $20,000 on a trip to pick up methamphetamine, *see* Presentence Report ¶ 31; Offer of Proof (Doc. 75) at 3–4 ¶ 4, leading to his guilty plea to possessing a firearm in furtherance of drug trafficking, *see* Judgment (Doc. 135) at 1. Even under today's version of the statute, this fact precluded a finding that he "did not . . . possess a firearm . . . in connection with the offense." 18 U.S.C. § 3553(f)(2); *United States v. Costa*, 264 Fed. Appx. 564, 566 (9th Cir. 2008) (unpublished mem. disp.).

Reychler's age and medical conditions constitute an extraordinary and compelling reason for his release. Congress' amendment of the safety valve provision does not.

4

## B. Section 3553(a) Factors

Reychler was the leader/mentor of criminal activity involving several other people. *See* Statement of Reasons (Doc. 136) at 1 § I(A); Presentence Report (Doc. 137) ¶ 55. He brought more than 28 pounds of methamphetamine, at least some of it 100% pure, into Montana from sources in multiple states. He meant to branch out into cocaine as well. *See* Presentence Report ¶¶ 44–45, 52. He had no criminal history at all until he was convicted on misdemeanor charges of driving under the influence and reckless driving at the age of 54. *See id.* ¶ 65. He committed three more offenses in his mid- to late 60's, including one instance involving minors and alcohol and/or marijuana. *See id.* ¶¶ 66–68. These relatively minor offenses stand in stark contrast to the seriousness of Reychler's conduct in this case, which involved planning and coordinating distribution and resupply and handling large amounts of cash over a period of at least eight months. *See id.* ¶¶ 21–36. Reychler was 67 years old when he engaged in this systematic poisoning of his community—hardly a callow youth unable to understand the depth and permanence of the addictions he fed in others.

Reychler's sentence of 120 months represented significant lenience at sentencing. His advisory guideline range on Count 1, the drug count, was 87 to 108 months. *See* Statement of Reasons at 1 § III. Taking into account the

5

mandatory consecutive five-year term on Count 5, *see Dean v. United States*, __ U.S. __, 137 S. Ct. 1170 (2017), the Court searched diligently for the sentence that was "sufficient, but not greater than necessary" to meet the objectives of federal sentencing, *see* 18 U.S.C. § 3553(a). Reychler received a sentence of 60 months on the drug count, 27 months below the low end of the guideline range. The variance was due "most notably" to "his advanced age, mental health, and physical condition," but also in recognition of his family responsibilities and early acceptance of responsibility, all as balanced against the seriousness of the offense and his role in it. *See* Statement of Reasons at 3 § VI(D). Reychler's sentence was the lowest the Court could justify in light of his conduct.

Unlike the vast majority of defendants charged with drug and firearm offenses, Reychler was released before trial and permitted to self-report after sentencing. *See* Order (Doc. 15); Minutes (Doc. 89); Judgment (Doc. 135) at 2. This fact is much to his credit.

### C. Conclusion

Reychler presents a difficult case. He is vulnerable to severe illness if he contracts COVID-19, and the Court does not want any harm to come to him. He is also capable of making valuable contributions to his community when he is released. But Reychler does not show that his medical and mental health

conditions have deteriorated significantly since his sentencing. His hip issue is no doubt painful, but he does not show it is unusual or extraordinary. Vaccination and the control measures taken by the Bureau of Prisons are not foolproof—nothing is—but they do offer real protection against the virus. At the minimum the Court could reasonably see at the time of sentencing, Reychler's offenses and his own history and characteristics warranted a sentence of ten years. Considering all the relevant circumstances, reducing his sentence to the three years he has served to date would denigrate the seriousness of his crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

Accordingly, IT IS ORDERED that Reychler's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 188, 202) is DENIED.

DATED this 3rd day of November, 2021.

_____
Dana L. Christensen, District Judge
United States District Court