IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN FRANCIS REYCHLER,<br><br>Defendant. | CR 18–04–BU–DLC<br><br><br><br>ORDER |

On February 28, 2024, Defendant Steven Francis Reychler filed a motion to reduce his 120-month federal drug and firearm sentence under 18 U.S.C. § 3582(c)(1)(A).  (Doc. 221.)  His projected release date is September 5, 2027.  *See* Federal Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/inmateloc (last accessed May 30, 2024).  On February 28, 2024, counsel was appointed to represent Reychler.  (Doc. 222.)  Appointed counsel filed a supplemental motion on May 6, 2024.  (Doc. 226.)  The government opposes the motion for compassionate release.  (Doc. 227.)

### ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set

1

forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Reychler argues that a reduction in his sentence is warranted because of his age and severe health issues.  (Docs. 221 at 1–2; 226 at 8–9.)  For the reasons discussed below, the Court denies the motion for compassionate release.

I.      **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

---

[1] In November 2023, the United States Sentencing Commission adopted revisions to § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* United States Sentencing Commission, *2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)* 1–13 (April 27, 2023) (available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Reychler claims to have submitted a request to the Warden of FCI Sheridan on October 6, 2023, which was denied. (Doc. 221 at 4.) Thus, it would appear that Reychler has exhausted his administrative remedies.

## II. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B)(i) (U.S. Sent'g Comm'n 2023). The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Reychler argues that he fits § 1B1.13(b)(1)(B)(i)'s description of an extraordinary and compelling circumstance. (Docs. 221 at 3, 226 at 8.) This is Reychler's second motion for compassionate release. In his first motion, Reychler raised similar arguments regarding his medical conditions and his increased risk of

infection from COVID-19.  (*See* Doc. 202.)  In addressing Reychler's previous motion, the Court found that his age and medical conditions did amount to extraordinary and compelling reasons for his release, especially in light of the ongoing COVID-19 pandemic.  (Doc. 207 at 4.)  However, the Court ultimately denied the motion based on the § 3553(a) factors.  (*Id.* at 7.)

The Court again finds that Reychler's age and medical conditions present extraordinary and compelling reasons for his release.  Reychler suffers from various medical conditions, including asthma, Chronic Obstructive Pulmonary Disease (COPD), diarrhea, enlarged prostate with lower urinary tract symptoms, hypertension, osteoarthritis of the hip and knee, and hyperlipidemia.  (*See* Doc. 226-2.)  It appears that he has suffered a series of worsening his medical conditions since his first motion for compassionate release.

On or about June 13, 2022, arthroplasty was performed on Reychler's left hip.  (*Id.* at 54.)  Approximately two weeks later, Reychler reported feeling a high level of pain around his hip and the inability to ambulate.  (*Id.* at 46.)  Medical notes indicate that the surgical site was healing well and there was no sign of infection.  (*Id.*)  He was prescribed pain medication.  (*Id.*)  The following day Reychler continued to report severe pain in his left hip and the inability to get out of bed.  (*Id.* at 42–43.)  He was sent to a local hospital for further evaluation.  (*Id.* at 43.)  It appeared that a fracture in Reychler's left hip was causing his pain.  (*Id.*

at 39.)  Reychler continued to report an inability to stand, walk, shower, or attend physical therapy.  (*Id.*)  He was again prescribed pain medication.  (*Id.* at 40.)

During a follow up visit on July 10, 2022, Reychler reported that he continued to feel pain in his left hip; however, he was able to sit upright in his wheelchair, was able to sleep, and declined opiate pain medication.  (*Id.* at 32.)  On July 22, large puddles of purulent and sanguineous drainage were observed on the floor of Reychler's cell and soaked into his clothes and bedsheets.  (*Id.* at 30.)  On or about July 25, Reychler was sent to Willamette Valley Medical Center for treatment of the infection in his left hip and returned to FCI Sheridan on August 31.  (*Id.* at 22, 27.)

It appears that the complications related to Reychler's hip replacement surgery were alleviated following this treatment, however, beginning in September 2022, Reychler began complaining of pain in his right knee.  (*Id.* at 20.)  As of March 2023, Reychler continues to complain of knee pain.  (Doc. 226-2 at 59.)  It appears that he has continued to use a wheelchair since his hip surgery.  (*Id.* at 2.)  Medical records from February 2023 indicate that he is "being followed by cardiology due to heart failure."  (Doc. 226-1 at 8.)

It is clear from the medical records that serious efforts are being made to address Mr. Reychler's ongoing medical ailments.  However, his overall health continues to worsen and has reached a degree that limits his ability to provide self-

care.  Reychler relies on a wheelchair for mobility but reports that this limits his ability to reach services at FCI Sheridan, including dining and medical facilities. (Doc. 226 at 5.)  He also continues to experience pain in multiple locations.  (*Id.*) Accordingly, he has stopped attending BOP programming.  (*Id.*)  As a whole, it does not appear that Reychler will recover from his various medical ailments.  As such, the Court finds that Reychler meets the conditions set forth in § 1B1.13(b)(1)(B)(i) and therefore has presented extraordinary and compelling reasons for his early release from incarceration.

### III. Section 3553(a) Factors

Before granting a motion for compassionate release, the Court must also address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.  *See* 18 U.S.C. § 3553(a)(1), (2).  Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants.  *See id.* § 3553(a)(4), (6).  As the Court previously found, these factors weigh against Reychler's early

6

release from custody.

Reychler's offense conduct involved the trafficking and distribution of large quantities of controlled substances while using a firearm in furtherance of these unlawful activities. Reychler was held responsible for distributing 167.6 grams of pure methamphetamine, 28 pounds, 2.12 ounces of meth (mixture), and 8 ounces of cocaine. (Doc. 137 ¶ 45.) Reychler was considered a leader of these drug distribution activities who utilized multiple sources to supply himself and others who he oversaw with distribution quantities of drugs. (*Id.* ¶ 44.) Reychler set prices and fronted and distributed drugs to his dealers. (*Id.*) Reychler provided a co-conspirator with a handgun for her protection while transporting drugs on his behalf. (*Id.* ¶ 36.) Reychler's criminal history began at age 54 with a misdemeanor charge for DUI and reckless driving. (*Id.* ¶ 65.) He committed three more offenses in his mid-to-late 60's, including criminal possession of dangerous drugs and endangering the welfare of a child. (*Id.* ¶¶ 66–68.)

Furthermore, the Court already took Reychler's medical conditions into consideration at the time of sentencing. With a total offense level of 33 and criminal history category of II, Reychler's guideline range was 151 to 188 months as to Count 1, with a five year mandatory minimum as to Count 5. (Doc. 136 at 1.) The Court varied downward from this guideline range when imposing a sentence of 60 months as to Count 1 and 60 months as to Count 5, to run consecutive. The

basis for this variance included Reychler's age and physical condition. (*Id.* at 3.) Accordingly, the Court finds that a further reduction of Reychler's sentence to approximately 66-months would denigrate the seriousness of his crimes and undermine respect for the law.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release (Docs. 221, 226) is DENIED.

DATED this 30th day of May, 2024.

_____
Dana L. Christensen, District Judge
United States District Court